## Lewis & Co. *v.* W. G. Bakewell, Executor.

Notice of protest served upon one of several executors of a deceased endorser is sufficient to bind the estate.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J.

*Elmore* and *King,* for plaintiffs, contended: The only question presented by this case is, as to the sufficiency of notice of protest. There were three executors of the deceased endorser. Notice of protest was served on but one of them. It is contended by the counsel for the defendant that the notice of protest should have been served upon all three of the executors. To show that the notice was sufficient, we rely upon the following authorities, which, although not expressly in point, do, in principle, embrace the present question. Where there are several executors or administrators, the act of one binds the rest. Law Library, vol. 9, chapter on Executors, p. 128. Service of a writ on one authorizes a judgment against all. *Moore's Executors* v. *Paul,* 2 Bibb, Ky. Rep. 330. One may, by an appearance, bind all.- 4 Monroe, Ky. Rep. 38.

If, in such cases, it be necessary to serve notice on all the executors, it will render the recourse upon the estates of endorsers extremely difficult and uncertain. If the same principle be extended to all demands and notices connected with the administration of successions, their administration would be greatly embarrassed. This should not be allowed. The judgment of the lower court should therefore be affirmed.

*Janin* and *Taylor,* for the defendant contended: This action is instituted to recover the amount of a note made by *Edward Wilson,* to the order of and endorsed by *Alexander Gordon.* Before the note arrived at maturity, *Alexander Gordon,* the endorser, died; and *Edward Wilson,* the maker of the note; *Anne G. Bakewell,* the widow of *Alexander Gordon,* and *William G. Bakewell* were duly appointed testamentary executors of *Alexander Gordon,* and letters testamentary were granted to them.

When the note fell due, the maker, *Edward Wilson,* failed to pay it, and it was protested for non-payment, and notice .of protest was given to the same *Edward Wilson,* the maker, in his capacity of testamentary executor of *Alexander Gordon.* No notice was given of the protest to either of the other executors. And the only question presented in the case is, whether the notice of protest given to *Edward Wilson* was sufficient to charge the succession of *Alexander Gordon* with the payment of the note.

Endorsers are responsible only when notes are protested at maturity and they are legally notified of the protest. The object of requiring notice of the protest to be given to the endorser is to enable him to act for his own protection. If notice be not given to an endorser, he is discharged. Nothing will excuse the failure to give notice. Story on Bills, No. 308, and note 1. Chitty on Bills, Ed. 1833, p. 482, 483.

It is a general principle, that when there is a person representing a deceased endorser in the capacity of administrator, that notice to him is sufficient to charge the succession of the deceased person. If *Wilson* had been the sole administrator, notice to him would perhaps have been sufficient, from the necessity of the case. But in this instance there were two other executors who might have been notified; and of course the sufficiency of the notice cannot be maintained on the ground of necessity.

But whilst it is admitted that where there is a single person representing the succession of the deceased person to be bound, notice to him may be sufficient, it would seem to be equally true, where there are two or more persons representing the succession of an endorser, and one of them is interested against the succession, in consequence of being the maker of the note, that the interested representative would be incompetent to receive the notice of the protest, and that the succession would not be bound unless the other representatives were notified. This principle is of universal application, it seems to us, and has been frequently recognized by the law-maker. It is sufficient to particularize one instance. The incapacity of the tutor to represent his pupil when he has an

LEWIS
*v.*
BAKEWELL.

interest in conflict with that of the pupil is the result of this principle, and an under-tutor is provided in every tutorship, because, from their relations to each other, there are almost always conflicts of interest between them. When a tutor has an interest against his pupil he cannot act at all, and the pupil is not bound by any notice given to the tutor.

In the present case, the interest of *Wilson* against the succession was apparent and known to the plaintiffs. He was the person on whom the demand of payment was made. The other two executors had no such interest. The plaintiff failed to notify them. There was *laches* on their part, and they ought not to recover.

The judgment of the court was pronounced by

SLIDELL, J. This is an action brought against the succession of *Alexander Gordon* to recover the amount of a promissory note drawn by *Edward Wilson* to the order of and endorsed by *Alexander Gordon.* The only evidence adduced at the trial of the cause was the note; a notarial protest of it; a notarial certificate of notice to the endorser, by service upon *Edward Wilson*, as administrator of his estate; and the probate proceedings in the matter of *Gordon's* succession, by which it appears that *Wilson, Bakewell* and *Mrs. Gordon* were his testamentary executors. There was judgment for the plaintiffs in the court below, and the defendant has appealed.

No objection is made to the notice because of its being addressed to *Wilson*, as administrator; it is admitted by the defendant's counsel to be a notice to *Wilson* in his capacity of executor. But the objection made is, that there were two other executors who might have been notified; and that, under the circumstances, the notice to the executor *Wilson* was inoperative, because, as it is said, he was interested against the succession. The object of notice, says the appellant, is to enable the endorser to act for his own protection, and here the executor who was notified had a personal interest which would militate against the exercise of official diligence.

The answer to this objection is, that the deceased had confidence in *Wilson*, and chose to entrust to him, as one of his executors, the administration of his estate after his decease; and it is not for his representatives to say that his confidence was unworthily reposed, and to assume that *Wilson* would sacrifice sworn official duty to his individual interest.

Judgment affirmed, with costs.